■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ROY L. MOSLEY and JOHN MASSEY, Respondents.— Appeal by the People from so much of an order of the County Court, Nassau County, entered August 23, 1965, after a hearing, as granted defendants' motion, made pursuant to statute (Code Crim. Pro., § 813-c), to suppress certain evidence against them on the ground that it was obtained as a result of an illegal search and seizure. Order, insofar as appealed from, reversed on the law and the facts, and motion denied. In our opinion, the record supports the finding made by the court that the defendant Burkes voluntarily consented to the search of the automobile in which the firearm was found and thereby waived his constitutional protection against unreasonable search and seizure (cf. *People* v. *Rodriguez*, 11 N Y 2d 279, 287; *United States* v. *Smith*, 308 F. 2d 657, cert. den., 372 U. S.

906; *United States* v. *Dornblut*, 261 F. 2d 949, cert. den. 360 U. S. 912). The motion was denied as to defendant Burkes. It is our further opinion, however, that it was error for the court to have granted the motion to suppress as to the defendants Mosley and Massey. It has consistently been held that consent to a search may be operably given by a person other than the defendant, if that person occupies the premises or vehicle searched or has possession of the property seized, and the evidence thus obtained is admissible against the defendant (*People* v. *Matthews*, 21 A D 2d 883; *People* v. *Kortwright*, 236 N. Y. S. 2d 385). The immunity from unreasonable search and seizure being personal, one cannot object to the searching of another's premises or property if the latter consents to the search, even though property is found, for the possession of which defendant is subsequently prosecuted (*People* v. *Lane*, 10 N Y 2d 347, 353). *Jones* v. *United States* (362 U. S. 257), upon which the court relied in granting the motion to suppress as to Mosley and Massey, is distinguishable and not applicable to the factual situation such as herein presented. In *Jones*, the Supreme Court held that the defendant was not required to allege in his motion to suppress that he was in possession of the narcotics in order to have standing to move for its suppression. Theretofore, a defendant, in such circumstances, had been faced with the dilemma of foregoing a motion to suppress or of admitting all elements of the crime of which he was charged, knowing that his admission could be used against him (*United States* v. *Taylor*, 326 F. 2d 277). In *Jones*, however, there was no question of consent given by either the defendant or the person lawfully in possession of the apartment in which the narcotics were found, and the decision did not change or otherwise affect the rule of law above stated with respect to consent given by one other than the defendant. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.